# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

CLAUDE COX                                                                            PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:10CV-P163-R

SCOTT TURNBOW                                                  DEFENDANT

## MEMORANDUM OPINION
## AND ORDER FOR PAYMENT OF THE INMATE FILING FEE

Plaintiff Claude Cox filed a *pro se* civil complaint.  This matter is before the Court on Plaintiff's application to proceed without prepayment of fees (DN 3).

Section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis*.  That statute provides in pertinent part as follows:

> (g)  In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g).  The only exception to the limitation noted in the statute is if "the prisoner is under imminent danger of serious physical injury." *Id.*

Plaintiff has filed numerous civil actions while incarcerated in the Commonwealth of Kentucky, and at least three of those actions were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Cox v. Parke et al.*, Civil Action No. 3:92CV-214-S; *Cox v. Combs et al.*, Civil Action No. 3:92CV-219-M; and *Cox v. Parke et al.*, Civil Action No. 3:92CV-257-S.  Despite the fact that many of Plaintiff's actions were dismissed prior to the effective date of the Prison Litigation Reform Act and the

resulting amendments to § 1915, those actions may be counted toward the commonly called "three strikes" provision of § 1915(g). *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As to the "imminent danger" exception, a prisoner must show "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The "'threat or prison condition [must be] real and proximate,'" *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)), and "the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). "Allegations of past harm do not suffice." *Ciarpaglini*, 352 F.3d at 330.

Plaintiff alleges in his complaint that on May 22, 2010, Defendant Nurse Scott Turnbow failed to respond to his requests for treatment for his complaints of "real bad chest pain." He seeks only money damages. As Plaintiff alleges only past harm by Defendant Turnbow, he has failed to show that he is under imminent danger of serious physical injury.[1] Section 1915(g), therefore, applies, and Plaintiff is prohibited from proceeding *in forma pauperis*. Consequently,

**IT IS ORDERED that the application to proceed without prepayment of fees (DN 3) is DENIED. Plaintiff must pay the requisite $350.00 filing fee for the instant action within 30 days of entry of this Order**.

---

[1] Plaintiff filed another action with virtually identical facts. *See* Civil Action No. 5:10CV-P148-R. In the earlier-filed case, however, Plaintiff sues a different defendant and alleges a continuing fear of harm, whereas he complains only of a past harm in the instant case.

The check should be made payable to **Clerk, U.S. District Court** and sent to the following address:

>Office of the Clerk
>United States District Court
>Western District of Kentucky
>106 Gene Snyder U. S. Courthouse
>601 West Broadway
>Louisville, Kentucky 40202-2249

Failure to pay the filing fee in full within the time allowed **will result in dismissal** of the action. The Court advises Plaintiff that "[t]he subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full." *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).

The **Clerk of Court is DIRECTED to open an account** for the payment of the filing fee.

Date:

cc: Plaintiff, *pro se*
Financial Section, USDC, WDKY
KSP, Attn: Inmate Accounts #155616, P.O. Box 5128, Eddyville, KY 42038
4413.005